# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE RAY LEWIS,

 *Petitioner*,

vs.

STATE OF NEVADA, *et al.*

 *Respondents.*

2:10-cv-01225-PMP-PAL

ORDER

This habeas action under 28 U.S.C. § 2254 comes before the Court on Petitioner's application (#1) to proceed *in forma pauperis*, his motion (#2) for appointment of counsel, and his motion (#5) to stay proceedings, as well for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

### *Pauper Application*

On the application to proceed *in forma pauperis*, the Court finds that Petitioner is unable to pay the $5.00 filing fee. The application therefore will be granted.

### *Motion for Stay*

In the motion for a stay, petitioner seeks a stay in order to exhaust a number of unexhausted claims that petitioner asserts currently are the subject of a successive petition in the state courts. The original petition states that Grounds 1 through 4 of that pleading are not exhausted.

Petitioner has not demonstrated a basis for a stay without dismissal of all unexhausted claims. Petitioner should note that there are two different types of stays potentially available,

only one of which may be obtained without showing of, among other things, good cause. First, a petitioner may seek a stay under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Second, a petitioner may seek a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). There are significant differences between the *Rhines* and *Kelly* stay procedures – as to the showing required, the procedure followed, and the consequences of the different procedures. These differences are discussed in the Ninth Circuit's decision in *King v. Ryan*, 564 F.3d 1133 (9th Cir.), *cert. denied*, __ U.S. ___, 130 S.Ct. 214, 175 L.Ed.2d 148 (2009).

In order to obtain a stay without a dismissal of the unexhausted claims under *Rhines*, the petitioner must demonstrate that he has good cause for the failure to exhaust the claims previously, that the unexhausted claims are not plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics. *See King*, 564 F.3d at 1140-43.

Petitioner has not made such a showing in the present case. The motion to stay therefore will be denied without prejudice on the showing and arguments made as to the relief requested of a stay without dismissal of the unexhausted claims.

### *Motion for Appointment of Counsel*

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for a federal evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

In the present case, the Court does not find that the interests of justice require that counsel be appointed. Whether or not counsel should be appointed in the state post-conviction proceedings is a separate matter. The issues in this case do not appear to be

overly complex, and Petitioner has demonstrated an adequate ability to articulate his claims to this point.

The Court repeatedly has rejected motions for appointment of counsel based upon the prison's nonrenewal of, *inter alia*, updates for the Federal Practice Digest. Comprehensive general law resources such as, in particular, the Federal Practice Digest, the United States Code Service, and the entire United States Code Annotated are not constitutionally required for a prison law library. *See,e.g., Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996). The memos and demand letters regarding the updates that are attached with the motion now are over five years old. These materials did not provide a basis for appointment of counsel five years ago. They do not provide a basis for appointment of counsel now. Continued reliance upon these materials by inmates at Ely State Prison continues to be unpersuasive.

The motion for appointment of counsel therefore will be denied, subject to the Court's continued review during screening.

### *Screening*

Turning to initial review, the pleadings presented are subject to a number of substantial deficiencies on their face.

First, Petitioner failed to name the proper respondent in the petition. Petitioner named the State of Nevada as well as, per the petition form, the Nevada Attorney General. Under 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases, the petition must name the state officer who has physical custody of the petitioner as respondent. The Court does not have jurisdiction over this action unless the physical custodian is named as respondent. *See,e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Moreover, because of the state sovereign immunity recognized by the Eleventh Amendment, Petitioner may not proceed directly against the State of Nevada as a party in federal court, even in a habeas action. Petitioner instead must name the warden of the facility in which he is incarcerated.

/ / / /

Second, Petitioner must use the Court's required Section 2254 petition form – and only that form – to state his claims. He may not incorporate pleadings and papers from the state court proceedings by reference to state his federal claims. He instead must state his federal claims – fully and specifically – within the body of the federal petition itself. In this regard, conclusory allegations fail to state a claim for federal habeas relief. Petitioner instead must allege the specific facts supporting each claim for federal habeas relief.

Third, Petitioner must identify the federal constitutional right upon which he relies at the beginning of each claim. Petitioner instead wrote "The United States Constitution" in the space provided at the beginning of each claim. Petitioner instead must identify the specific right upon which he relies, such as, for example, the right to effective assistance of counsel, in this space on the petition form.

Fourth, Petitioner has filed two piecemeal supplements to date seeking to add additional claims. If Petitioner wishes to amend or supplement the Petition, he must file an amended and supplemental pleading containing all of his claims. He may not simply file incomplete piecemeal "supplements" to his petition. In the procedural context presented, Petitioner may amend the Petition only once without prior leave of court.

Fifth, petitioner must attach copies of all state court written decisions regarding his conviction. Petitioner did not attach a copy of the June 18, 2009, decision of the Supreme Court of Nevada addressing a number of claims. Petitioner also will be directed to file copies of the additional state court materials listed at the end of this order.

Petitioner will be given an opportunity to file an amended petition correcting the above deficiencies.

Nothing in this order implies that the papers presented otherwise are free of deficiencies. The substantial deficiencies identified herein instead must be corrected prior to further initial review.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that Petitioner will not be required to pay the $5.00 filing fee.

/ / / /

IT FURTHER IS ORDERED that Petitioner's motion (#2) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that Petitioner's motion (#5) for a stay is DENIED without prejudice on the showing and arguments made as to the relief requested.

IT FURTHER IS ORDERED that the Clerk of the Court shall file the Petition (#1-1), designating the filing as the Original Petition.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, Petitioner shall file an amended petition on the Court's required Section 2254 petition form correcting the deficiencies identified herein.

IT FURTHER IS ORDERED that Petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 2:10-cv-01225-PMP-PAL, above the word "AMENDED."  Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court.  Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the Court.

IT FURTHER IS ORDERED that Petitioner shall attach therewith copies of: (a) the briefs filed on the state direct appeal; (b) all papers filed in the state district court presenting his claims on his first state post-conviction petition; (c) all written decisions of the state district court on his first state post-conviction petition; (d) all papers filed in the state supreme court presenting his claims regarding his first state post-conviction petition; (e) the state supreme court's June 18, 2009, decision during state post-conviction review; (f) all papers filed in the state district court presenting his claims on his second state post-conviction petition; (g) all written decisions of the state district court on his second state post-conviction petition issued to date; (h) any and all papers filed in the state supreme court presenting his claims regarding his second state post-conviction petition; (i) any and all written decisions by the state supreme court regarding his second state post-conviction petition; and (j) all remittiturs issued.

This action will be dismissed without further advance notice if Petitioner fails to both fully and timely comply with this order.

The Clerk of Court shall send Petitioner two copies of a noncapital Section 2254 petition form with one copy of the instructions for same along with a copy of the original and supplemental pleadings that he submitted.

DATED: October 6, 2010.

_____
PHILIP M. PRO
United States District Judge