# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE RAY LEWIS,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.*,

    *Respondents*.

2:10-cv-01225-PMP-PAL

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's motion (#8) for a stay and abeyance.

    Pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Court finds, out of an abundance of caution and based upon preliminary review, that petitioner has demonstrated good cause, that the petition is not wholly unexhausted as to all claims therein, that the unexhausted claims include at least one claim that is not plainly meritless on its face, and that petitioner has not engaged in intentionally dilatory litigation tactics, as that criterion is understood for purposes of a *Rhines* stay.

    The Court expresses no opinion as to: (a) whether specific claims in the Amended Petition have been fully exhausted as presented in federal court, which remains to be determined on a more conclusive review; (b) whether the alleged circumstances presented in support of the stay satisfy the cause and prejudice standard with respect to any issue of procedural default; (c) whether the alleged circumstances would provide a basis for either tolling of or a different accrual date for the federal limitation period as to any claim; (d) whether Petitioner has sufficiently stated a claim for relief in the claims in the Amended Petition and/or

whether the Amended Petition is subject to other deficiencies; and/or (e) whether any claims presented have merit over and above the limited preliminary determination made herein. The Court's holding herein should not be read as an express or implied holding on these issue or any other issue. The Court holds, out of an abundance of caution, only that the criteria for a stay under *Rhines* have been satisfied. Its findings and holding are expressly limited to that specific context.

In this regard, the Court notes that the Amended Petition tendered with the present motion appears to have addressed a number of the deficiencies identified in the prior screening order (#6). The Amended Petition, however, remains deficient as to form in at least this substantial respect. The pleading asserts Grounds 1 through 4 following a caption page but with no signature page. Petitioner then asserts claims designated as Grounds 1 through 9 following a caption page designated as a supplemental petition, with the grounds followed by a signature page. See #8, at electronic docketing pages 25 to 85.

Petitioner instead must assert all of his grounds in a single pleading behind a single caption page. Petitioner cannot identify federal grounds by the same number, as he has done here with two sets of grounds identified as Grounds 1 through 4. With regard to the numbering of the federal grounds in the federal petition, the federal ground does not have to be identified by the same number as the ground was identified in the state courts. With regard to the form of the federal petition, it does not matter whether a ground was presented in the state courts on direct appeal, in a first state post-conviction petition, or in a second state post-conviction petition. *All* claims presented in federal court must be filed together within one single, all-inclusive pleading, not a two-part pleading as Petitioner has attempted to do here.

The Court will screen the pleadings further following the stay.

IT THEREFORE IS ORDERED that Petitioner's motion (#8) for a stay and abeyance is GRANTED and that this action is STAYED pending exhaustion of the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims, and any other interested party otherwise may enter an appearance and move to reopen the matter at any time and seek any relief appropriate under the circumstances.

1    IT FURTHER IS ORDERED that the grant of a stay is conditioned upon petitioner filing, if one has not been filed previously, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.

IT FURTHER IS ORDERED that, with any motion to reopen filed following completion of all state court proceedings pursued, petitioner: (a) shall attach a copy of all state court written decisions by the state district court and Supreme Court of Nevada issued during the stay and/or that have not been provided to this Court previously, together with any remittiturs issued; and (b) if petitioner intends to amend the petition further prior to another screening order, shall file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave.[1]  The Court will screen either the current Amended Petition, as discussed further herein, or any subsequent superceding Amended Petition prior to ordering further action in the case.

IT FURTHER IS ORDERED that the Clerk of the Court shall: (a) file the pleading attached with the motion, at electronic docketing pages 25 to 85 of #8, as an Amended Petition; and (b) correct the docket entry for #9 to reflect, in a manner consistent with the Clerk's practice, that the paper instead is an exhibit including a copy of a state court petition.

IT FURTHER IS ORDERED that the Clerk of the Court shall ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

DATED:  November 18, 2010.

_____
PHILIP M. PRO
United States District Judge

---

[1] No claims are dismissed by this order.