# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE RAY LEWIS, | |
| *Petitioner*, | 2:10-cv-01225-PMP-CWH |
| vs. | ORDER |
| STATE OF NEVADA, *et al.*, | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court following initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") of the Amended Petition (#29) filed by the Federal Public Defender.

One matter needs to be rectified prior to a response. As noted in prior orders, Petitioner named the State of Nevada as a respondent and did not name his physical custodian as a respondent. Petitioner may not proceed against the State of Nevada, even in a habeas action, because of the state sovereign immunity recognized by the Eleventh Amendment. He further must name his physical custodian as a respondent. See #6, at 3; #21, at 1. The Amended Petition carries forward this technical defect. The Court will direct Petitioner to file an amended petition naming a proper respondent in lieu of the State. The Court sees no need for Petitioner to have to file another verification assuming that the amended petition filed in response to this order merely changes the respondent. The Court will carry the prior verification (#41) with the amendment absent any change to the operative factual allegations or legal claims presented.

The Court further sees no need to delay the preparation of a response while Petitioner is amending to name a proper respondent. The Court therefore will set a response deadline for Respondents contingent upon an amended petition naming a proper respondent being filed in the interim.

IT THEREFORE IS ORDERED that **Petitioner** shall have **fourteen (14)** days from entry of this order within which to file an amended petition naming a proper respondent in lieu of the State of Nevada. Under Local Rule LR 15-1, the amended petition filed in response to this order must be a complete, "stand-alone" superceding pleading. If the amended petition changes only the respondent and otherwise does not change the operative factual allegations or legal claims presented, the prior verification (#41) will carry forward with the amendment. **Petitioner's counsel shall state on the first page of the amended petition whether there have been any changes to any operative factual allegations or legal claims from the prior Amended Petition (#29), over and above the change to the named respondent**. If any such changes are made, the Court will re-screen the pleading filed.

IT FURTHER IS ORDERED that, contingent upon Petitioner timely complying with the preceding paragraph without any change to the operative factual allegations or legal claims presented, **Respondents** shall have **sixty (60)** days **from entry of this order** within which to answer, or otherwise respond to, the amended petition, including by motion to dismiss. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the amended petition and which are entered pursuant to Habeas Rule 4**.

IT FURTHER IS ORDERED that any procedural defenses raised by Respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein in *seriatum* fashion in multiple successive motions to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.

1    IT FURTHER IS ORDERED that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

   IT FURTHER IS ORDERED that any additional exhibits filed by the parties herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment, as counsel for Petitioner has done in ## 30-40.

   IT FURTHER IS ORDERED that Petitioner shall have **thirty (30)** days from service of the answer, motion to dismiss, or other response to file a reply or opposition.

   DATED:  February 6, 2012

   _____
   PHILIP M. PRO
   United States District Judge

-3-