# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIE RAY LEWIS,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.,*

    *Respondents*.

2:10-cv-01225-PMP-CWH

ORDER

This represented habeas matter comes before the Court on Petitioner's motion (#56) to stay and motion (#58) for leave to file a fifth amended petition.[1]

### *Background*

Petitioner Willie Ray Lewis challenges his 2006 Nevada state conviction, pursuant to a jury verdict, of five counts of sexual assault of a minor under sixteen years of age, three counts of lewdness with a minor under the age of fourteen, and one count of attempted sexual assault of a minor under sixteen years of age. Under the sentences imposed on the charges, the majority of which run concurrently, it appears that Petitioner first could be eligible for a parole outside an institution after a minimum of 24 years. Petitioner challenged his conviction on direct appeal and in two state post-conviction petitions.

This Court previously granted the then *pro se* Petitioner a stay to pursue a second state petition. The Court appointed counsel for Petitioner after he returned to federal court

---

[1]The underlying motion states that it is a motion for leave to file a second amended petition, but the associated docket entries instead are clear that the motion would be seeking to file a fifth amended petition. The additional confusion thereby engendered reinforces the point made *infra* as to the proper procedure that instead should be followed in response to the order entered previously herein.

1    from the stay.  In the present stay motion, the now represented Petitioner seeks a stay to

2    return to state court to exhaust federal Ground 4(b) while seeking to file a fifth amended

3    petition deleting unexhausted claims in Grounds 2 and 3.

4                                    *Motion to Stay*

5        Petitioner seeks a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), to exhaust

6    Ground 4(b).  Petitioner alleges therein that he was denied effective assistance of trial

7    counsel when counsel failed to interview the victims prior to trial.

8        In order to obtain a *Rhines* stay in order to return to the state courts to exhaust a claim,

9    a petitioner must demonstrate that there was good cause for the failure to exhaust the claim,

10   that the unexhausted claim is not plainly meritless, and that the petitioner has not engaged

11   in intentionally dilatory litigation tactics.  *See* 544 U.S. at 278.

12       *Good Cause*

13       As the Ninth Circuit recently emphasized in *Blake v. Baker*, 745 F.3d 977 (9th Cir.

14   2014), the precise contours of what constitutes "good cause" under *Rhines* remain to be fully

15   developed in the jurisprudence:

16              There is little authority on what constitutes good cause to
         excuse a petitioner's failure to exhaust.  In *Rhines*, the Supreme
17       Court did not explain the standard with precision. *See* 544 U.S.
         at 275–78, 125 S.Ct. 1528.  The Court has since addressed the
18       meaning of good cause in only one other case, recognizing in
         dicta that "[a] petitioner's reasonable confusion about whether a
19       state filing would be timely will ordinarily constitute 'good cause'"
         to excuse his failure to exhaust. *Pace v. DiGuglielmo*, 544 U.S.
20       408, 416, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citing *Rhines*,
         544 U.S. at 278, 125 S.Ct. 1528).

21              Similarly, our cases on the meaning of good cause under
22       *Rhines* are also sparse.  In *Jackson v. Roe*, 425 F.3d 654 (9th
         Cir.2005), we held that good cause does not require a showing of
23       "extraordinary circumstances." *Id.* at 661–62. In *Wooten v.
         Kirkland*, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner
24       did not establish good cause simply by alleging that he was
         "under the impression" that his claim was exhausted. *Id.* at 1024.
25       We explained that accepting as good cause the mere "lack of
         knowledge" that a claim was exhausted "would render
26       stay-and-abey orders routine" because "virtually every habeas
         petitioner" represented by counsel could assert that he was
27       unaware of his attorney's failure to exhaust. *Id.*

28   745 F.3d at 980-81.

                                       -2-

1    *Blake* firmly establishes, however, that the good cause required under *Rhines* cannot

2    be more demanding than the showing of cause required under the Supreme Court's recent

3    decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012):

4            Our holding, that IAC by post-conviction counsel can be
     good cause for a *Rhines* stay, is consistent with and supported by
5    the Supreme Court's recent opinion in *Martinez v. Ryan*, ――― U.S.
     ―――, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), in which it
6    established a limited exception to the rule of *Coleman v.
     Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640
7    (1991), that IAC by state post-conviction counsel "at initial-review
     collateral proceedings may establish cause for a prisoner's
8    procedural default of a claim of ineffective assistance at trial." 132
     S.Ct. at 1315.  We believe that good cause under *Rhines*, when
9    based on IAC, cannot be *any more* demanding than a showing of
     cause under *Martinez* to excuse state procedural default.[FN7]
10   Unlike a successful showing of cause under *Coleman* and
     *Martinez*, an IAC-based showing of good cause under *Rhines*
11   *only permits a petitioner to return to state court* — not bypass the
     state court as would be the case under *Coleman* — to exhaust his
12   unexhausted claims.  Because a *Rhines* stay and abeyance does
     not undercut the interests of comity and federalism embedded in
13   our habeas jurisprudence, a Rhines petitioner arguing IAC-based
     good cause is not required to make *any stronger* a showing of
14   cause than a *Coleman/Martinez* petitioner.  *Id.* at 1318 (stating
     that "cause" is established when a petitioner's post-conviction
15   counsel is "ineffective under the standards of *Strickland*"); *see
     also Detrich v. Ryan*, 740 F.3d 1237, 1243–45 (9th Cir.2013) *(en
16   banc)* (plurality opinion) (discussing the showing of "cause"
     required under *Martinez* and *Trevino v. Thaler*, ――― U.S. ―――,
17   133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013)).

18           [FN7]  Because Blake meets the *Coleman* showing
     of cause, *we leave for another day whether some*
19   *lesser showing will suffice to show good cause*
     *under Rhines*.  The Supreme Court's statement in
20   *Pace*, 544 U.S. at 416, 125 S.Ct. 1807, however,
     that "[a] petitioner's reasonable confusion about
21   whether a state filing would be timely will ordinarily
     constitute 'good cause'" under *Rhines*, suggests
22   that this standard is, indeed, *lesser* than the cause
     standard discussed in *Coleman* and applied in
23   *Martinez*.

24   745 F.3d at 983-84 & n.7 (emphasis added).

25       The holding in *Blake* leads to a finding that petitioner has good cause for the failure to

26   exhaust in this case.  A petitioner establishes cause under *Martinez either* by showing

27   ineffective assistance of counsel in the initial-review collateral proceeding *or* by showing that

28   counsel was not appointed in that proceeding.  132 S.Ct. at 1317 & 1320.  In this case,

1  petitioner was not appointed counsel in the first state post-conviction proceedings. He did not

2  have post-conviction counsel to investigate and present claims of ineffective assistance of trial

3  counsel until this Court appointed federal habeas counsel after the prior stay. Thus, during

4  the first stay and the accompanying second state post-conviction proceedings, petitioner did

5  not have the benefit of counsel to develop and exhaust the claim any more than he had had

6  on his first state petition. Nor did he then have the benefit of the subsequent *Martinez*

7  decision as a potential basis for overcoming procedural bars.[2] A different situation would be

8  presented if, post-*Martinez*, a then-represented petitioner did not exhaust an ineffective-

9  assistance claim on a prior stay. That situation is not presented here, however. The Court

10  accordingly finds that the previously *pro se* petitioner has good cause for the failure to

11  exhaust, the prior stay and *pro se* second state petition notwithstanding.

12       In this regard, *Blake* instructs that the fact that numerous other petitioners also might

13  present the same basis for good cause is not material. *Rhines* "does not require limiting the

14  definition of good cause to only those excuses that arise infrequently." 745 F.3d at 981-82.

15       The Court further rejects respondents' argument – presented pre-*Blake* – suggesting

16  that the Ninth Circuit's reliance on labor law precedent in support of its holding in *Jackson* that

17  extraordinary circumstances is not required is "mysterious."[3] *Blake* clearly reaffirmed the

18  holding in *Jackson* on this point. 745 F.3d at 981. Even without *Blake*, a federal district court

19  within the Ninth Circuit is bound by a prior holding by a panel of the Ninth Circuit. Putting to

20  the side an express reservation of an argument for later *en banc* or *certiorari* review, which

21

22       [2]The Court is not suggesting that, as an equitable matter under *Martinez* or otherwise, an absence of
23  counsel on the second state petition gives rise to any viable cause argument overcoming a procedural
      default. Nor is it suggesting that *pro se* status, in and of itself in all contexts, inherently satisfies the good
24  cause standard. The Court is speaking to a context where (a) petitioner did not have counsel in the initial-
      review collateral proceeding, and (b) he did not have the benefit of either counsel or the *Martinez* decision at
25  any point thereafter through the conclusion of the first stay. In considering whether petitioner demonstrates
      *good cause for a second stay* – and only that inquiry – it is significant that petitioner's first opportunity to have
26  counsel assess whether there were viable IAC claims that state post-conviction counsel instead could have
      exhausted effectively if appointed was after the appointment of federal habeas counsel, after the first stay.
27  Additionally, there was no antecedent holding that Ground 4(b) was unexhausted prior to the first stay. See
      #10, at 1, lines 22-24.

28       [3]#69, at 10, line 1.

1  respondents do not make, an argument seeking to have this Court ignore a holding of the

2  Ninth Circuit to instead follow authority from outside the circuit has no persuasive value.

3        The Court rejects respondents' argument that a petitioner can establish good cause

4  only by satisfying the equitable tolling standard for overcoming a federal time-bar.  That

5  standard requires a petitioner to demonstrate extraordinary circumstances beyond the

6  petitioner's control that made it impossible to file a timely federal habeas petition.  If the Ninth

7  Circuit has rejected – now in two opinions – an extraordinary circumstances standard, it would

8  make no sense to then apply a standard from another context requiring a demonstration of

9  extraordinary circumstances.  If respondents wish to have *Jackson* – as well as, now, *Blake*

10  – overruled, the proper avenue to pursue such an effort clearly is not in a district court.

11        Moreover, as this Court frequently has stated and the *Blake* panel emphasized, the

12  good cause inquiry under *Rhines* is directed to only a preliminary procedural issue of whether

13  the matter should be stayed pending further state court proceedings.  The Court is reluctant

14  to import standards from equitable tolling or procedural default case law that are designed to

15  assess whether a claim should be dismissed with prejudice, *i.e.*, with conclusive finality, and

16  which on occasion may require an evidentiary hearing.  Arguably, such heightened standards

17  – directed to the question of whether, in the final analysis, a claim is conclusively barred – are

18  inappropriate for the preliminary procedural question of whether a stay should be entered

19  while petitioner exhausts claims in a mixed petition.  It is more appropriate for the state courts

20  to have the first opportunity to consider the application of conclusive procedural bars, as

21  comity counsels affording the state courts an opportunity to address claims in the first

22  instance.  *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011), *cert. denied*, 133 S.Ct.

23  155 (2012)(noting that, in the circumstances presented, a stay was appropriate because it

24  provided the state court with the first opportunity to resolve the claim).  The Court is not

25  inclined to adopt standards that potentially could require an evidentiary hearing to resolve the

26  preliminary procedural issue presented by a request for a stay.

27        If the bar that must be cleared under *Rhines* were as high as that required to establish

28  either equitable tolling or cause-and-prejudice, the Supreme Court and the Ninth Circuit know

1    quite well how to invoke such established standards.  To date, neither has done so.  The

2    Ninth Circuit instead has stated to the contrary in both *Jackson* and *Blake* that an

3    "extraordinary circumstances" standard does not comport with the *Rhines* good-cause

4    standard.  The Ninth Circuit further held in *Blake* that no *stronger* showing is required than

5    that required to establish cause under *Martinez*, while strongly suggesting that *less* instead

6    need be shown.

7          The Court accordingly finds that good cause is established in this case.

8          ***Not Plainly Meritless Claim***

9          When the *Rhines* Court discussed the issue of whether a petitioner has presented a

10   claim that is not plainly meritless, the Court made a comparison cite to 28 U.S.C. § 2254(b)(2)

11   concerning this inquiry.  544 U.S. at 277.  The Ninth Circuit has held that a district court may

12   reject an unexhausted claim on the merits pursuant to  § 2254(b)(2) "only when it is perfectly

13   clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406

14   F.3d 614, 623-24 (9th Cir. 2005).

15         Ground 4(b) is not plainly meritless under this standard.  The Court is not persuaded

16   by respondents' arguments to the contrary.  Respondents proceed on a number of factually

17   erroneous assumptions as to the actual factual content of Ground 4(b), and it hardly is

18   perfectly clear that petitioner cannot establish a viable claim of ineffective assistance of trial

19   counsel on the allegations actually made in Ground 4(b).[4]

20          The Court also rejects respondents' argument that it should find the claim "meritless"

21   because it allegedly is procedurally defaulted.  At the outset, "meritless" does not mean

22   "procedurally barred."  Moreover, similar to the preceding discussion, the Court rejects the

23   invitation to conduct a full bore, conclusive procedural default inquiry, which potentially might

24   require an evidentiary hearing, on a preliminary procedural issue of whether a stay should be

25   entered.  Here, such an inquiry potentially could entail a fact-intensive examination of whether

26   petitioner can demonstrate prejudice from trial counsel's failure to interview the victims.  Such

27   _____

28          [4]Compare #69, at 19-20 (opposition memorandum) with #43, at 19-20 (fourth amended petition).

1    an inquiry clearly is not contemplated under a standard seeking to determine whether "it is

2    perfectly clear that the applicant does not raise even a colorable federal claim."

3        As the Court has observed in other contexts, the cause-and-prejudice and other

4    standards applied to overcome a procedural bar are substantially the same in Nevada state

5    court and federal court.[5] The state court should be afforded the first opportunity to possibly

6    apply state procedural bars or potentially consider the merits of the constitutional claim.  *Cf.*

7    *Blake*, 745 F.3d at 984 (a *Rhines* stay furthers rather than undercuts the interests of comity

8    and federalism embedded in habeas jurisprudence); *Gonzalez, supra*.

9        ***No Intentionally Dilatory Tactics***

10        Finally, nothing in the record before the Court reflects that petitioner has engaged in

11   intentionally dilatory tactics.  Respondents note that petitioner already has had one opportunity

12   for a stay.  However, petitioner was unrepresented in all prior state and federal post-conviction

13   proceedings, and *Martinez* had not yet held that a petitioner could demonstrate cause to

14   overcome a procedural default of an ineffective-assistance claim if he was not appointed

15   counsel in the initial-review collateral proceedings. The Court thus finds that petitioner has not

16   engaged in intentionally dilatory tactics. Following consideration of the *Rhines* factors,

17   petitioner's request for a stay accordingly will be granted.

18        The Court expresses no opinion by this order as to whether the circumstances

19   presented satisfy the full cause-and-prejudice standard with respect to any claim of

20   procedural default.  The Court holds here only that the criteria for a stay under *Rhines* have

21   been satisfied, and its holding in this order is expressly limited to that specific context.

22

23   _____

24        [5]Under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."  *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006).  In *Robinson v.

25   *Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3.  Moreover, the Nevada state courts also

26   recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief

27   may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray v. Carrier*, 477 U.S.

28   478, 496 (1986)).

-7-

***Motion to Amend***

The Court will deny the motion for leave to file another pleading and will dismiss the unexhausted claims in Grounds 2 and 3 directly.

The Court emphasizes, however, that federal habeas counsel must read and comply with the order entered in the given case.

The prior order provided in pertinent part:

> IT FURTHER IS ORDERED that Petitioner shall have **thirty (30) days** from entry of this order within which to file *a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief*. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **ten (10) days** thereafter, a signed declaration by Petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

#53, at 12 (italic emphasis added).

The order contemplates a quite simple procedure where: (a) if the petitioner seeks dismissal of any claims, he files a *motion for full or partial dismissal*; and (b) if petitioner seeks any other relief, he does so by filing a motion for such relief.

The order does not contemplate that petitioner then may seek dismissal of claims through any procedure that counsel wishes to pursue. If that were the intent of the order, it simply would refer only to a "motion for any appropriate relief" without expressly referring instead to a motion to dismiss. The order quite clearly directs that dismissal, if sought, shall be sought via a motion to dismiss.

The reference to "and/or for other appropriate relief" refers to requests for relief other than requests seeking to dismiss claims from the action. The most likely "other appropriate relief" sought would be a motion for a stay. The order does not expressly delineate all of the possible options in that regard because the case law has been evolving with enough frequency that specific directives given regarding stay procedure might not be fully complete

1    or accurate over the potential duration of a case, including on review.[6]  The simple reference

2    to "any appropriate relief" instead neither affirmatively misleads a *pro se* petitioner[7] as to his

3    range of options nor cabins the range of available relief that counsel might seek – separate

4    and apart from a request for dismissal.  That is all that the phrase contemplated.

5         The Court will deny the motion for leave to amend and simply will dismiss the

6    unexhausted claims in question directly.  Over and above the fact that the procedure directed

7    was not followed, counsel also did not present the proposed pleading with the motion, as

8    required by Local Rule LR 15-1.  The Court does not need – or want – to clutter the record

9    with more pleadings simply to dismiss claims that already were specifically defined in the prior

10   order.

11        IT THEREFORE IS ORDERED that petitioner's motion (#58) for leave to file a fifth

12   amended petition is DENIED without prejudice to any interests of petitioner and that the

13   following unexhausted claims in the fourth amended petition (#43) are DISMISSED without

14   prejudice:  (a) Ground 2 to the extent that Petitioner alleges claims of a denial of rights to

15   compulsory process, equal protection and a reliable sentence; and (b) Ground 3 to the extent

16   that Petitioner seeks to base a claim of cumulative error on denial of rights to compulsory

17   process, equal protection and a reliable sentence from the trial court's denial of a defense

18   request for a continuance.

19        IT  IS FURTHER ORDERED that petitioner's motion (#56) to stay is GRANTED and

20   that this action is STAYED pending exhaustion of petitioner's unexhausted claim in Ground

21   4(b).  Petitioner may move to reopen the matter following exhaustion of the claim, and any

22   party otherwise may move to reopen the matter at any time and seek any relief appropriate

23   under the circumstances.

24

25        [6]*Cf. King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009)(harmonizing prior Supreme Court and Ninth Circuit

26   law and concluding that two different stay procedures, with different requirements and effects, are potentially
     available).

27

28        [7]*Cf. Pliler v. Ford*, 542 U.S. 225, 232-33 (2004)(federal courts are not required to advise  *pro se*
     petitioners as to stay options, and such advisements potentially may affirmatively mislead a petitioner).

-9-

1    IT FURTHER IS ORDERED that the grant of a stay is conditioned upon petitioner filing

2  a state post-conviction petition in the state district court within forty-five (45) days of entry of

3  this order and thereafter returning to federal court with a motion to reopen within forty-five (45)

4  days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all

5  state court proceedings.[8]

6    IT FURTHER IS ORDERED that, with any motion to reopen filed following completion

7  of all state court proceedings pursued, petitioner: (a) shall attach an indexed chronological

8  set of exhibits (with the corresponding CM/ECF attachments identified by exhibit number(s)

9  on the docketing system) containing the state court record materials relevant to the issues

10  herein that cover the period between the state court record exhibits on file in this matter and

11  the motion; and (b) if petitioner then intends to further amend the petition, shall file a motion

12  for leave to amend along with the proposed verified amended petition or a motion for

13  extension of time to move for leave. Respondents shall have thirty (30) days to file a response

14  to the motion(s) filed.  The reopened matter will proceed under the current docket number.

15    IT FURTHER IS ORDERED that any further hard copies of exhibits shall be sent – for

16  any further proceedings this case – to the Clerk's Office in Reno.  Counsel need not resend

17  any copies sent previously instead to Las Vegas.

18    IT FURTHER IS ORDERED that the Clerk of the Court shall ADMINISTRATIVELY

19  CLOSE this action until such time as the Court grants a motion to reopen the matter.

20    DATED:  June 2, 2014

21

22

23    _____
    PHILIP M. PRO
24    United States District Judge

25

26

27    _____

28    [8]If *certiorari* review will be sought or thereafter is being sought, either party may move to reinstate the
stay for the duration of any such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

-10-