UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE RAY LEWIS,<br><br>                  Petitioner,<br>    v.<br><br>STATE OF NEVADA, et al.,<br><br>                  Respondents. | Case No. 2:10-cv-01225-GMN-CWH<br><br>ORDER |

This counseled habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss in part petitioner Willie Ray Lewis' counseled fourth-amended petition (ECF No. 86). Lewis opposed (ECF No. 89), and respondents replied (ECF No. 92).

**I.    Procedural History and Background**

On April 7, 2006, a jury convicted Lewis of count 1 and 2: lewdness with a minor under the age of fourteen; counts 3-23, 26-45: sexual assault with a minor under sixteen years of age; count 24: attempted sexual assault with a minor under sixteen years of age; and count 25: lewdness with a minor under the age of fourteen (exhibit 14).[1] The state district court sentenced Lewis as follows: counts 1 and 2, 48 to 120 months concurrent; count 3, life with parole after 60 months, consecutive to count 2; counts 4 through 23, life with possibility of parole after 240 months concurrent with each other; counts 26 through 45, a sentence of life with possibility of parole after 240 months

---
[1] Exhibits 1-77 referenced in this order are exhibits to petitioner's third-amended petition, ECF No. 29, and are found at ECF Nos. 30-40. Exhibits 78-93 are exhibits to petitioner's fourth-amended petition, ECF No. 43, and are found at ECF No. 79.

1

concurrent with each other; count 24, to a term of a minimum of 96 months and a maximum term of 240 months concurrent to count 23; count 25, life with a minimum term of 120 months to run consecutive to count 24.  Exh. 16.  The judgment of conviction was filed on June 16, 2006.  Exh. 17.  On August 7, 2007, the Nevada Supreme Court affirmed Lewis' convictions in part and reversed in part.  Exh. 24.  Wright filed a notice of appeal. Exh. 45.  The state supreme court concluded that as to victim S.L., while sufficient evidence was presented to support five sexual assault convictions, insufficient evidence was presented as to 34 other counts.  *Id.* at 3-4.  Remittitur issued on September 4, 2007.  Exh. 26.  An amended judgment of conviction was filed on October 24, 2007, stating "it is ordered that counts 5-23 and counts 29-45 are dismissed."  Exh. 29.  Lewis did not appeal the amended judgment of conviction.

On October 16, 2007, Lewis filed a proper person state postconviction habeas corpus petition.  Exh. 28.  The state district court denied the petition on January 22, 2008.  Exh. 33.  On June 18, 2009, the Nevada Supreme Court affirmed the denial of the petition in part and reversed and remanded in part.  Exh. 35.  The state supreme court ordered the district court to consider whether appointment of counsel was appropriate and directed the district court to conduct an evidentiary hearing with respect to whether defense counsel should have interviewed certain witnesses.  *Id.*

Lewis filed two motions for appointment of counsel, which the state district court denied.  Exhs. 37, 39, 40, 42.  The Nevada Supreme Court dismissed Lewis' appeal of the denial of the motions for counsel for a jurisdiction defect on the basis that no statute or court rule provides for an appeal of an order denying a motion for appointment of counsel.  Exh. 43.  The state district court conducted an evidentiary hearing on the state petition, and the court denied the petition on December 14, 2009.  Exhs. 45, 47.  The Nevada Supreme Court affirmed the denial of the petition on June 9, 2010, and remittitur issued on July 8, 2010.  Exhs. 55, 57.

Lewis filed a second proper person state postconviction habeas petition on July 7, 2010, and a supplement to the petition on July 30, 2010. Exhs. 56, 59. On August 2, 2010, the state district court dismissed the petition as successive and untimely. Exh. 60. The Nevada Supreme Court affirmed the district court on March 17, 2011, and remittitur issued on April 12, 2011. Exhs. 63, 64.

On June 20, 2010, Lewis dispatched his federal habeas petition for filing (ECF No. 7). This court appointed counsel, and petitioner filed a counseled third-amended petition on November 4, 2011 (ECF No. 29). Petitioner filed a counseled fourth-amended petition on February 16, 2012 (ECF No. 43).

On February 4, 2013, the court granted respondents' first motion to dismiss in part and denied it in part (ECF No. 53). This court concluded that portions of grounds 2, 3, and 4 were unexhausted and ultimately dismissed the unexhausted portions of grounds 2 and 3 without prejudice (*Id.*; ECF No. 76). The court granted Lewis' motion for stay and abeyance pending his exhaustion of ground 4(b) (ECF No. 76).

Lewis filed a third state habeas petition on July 17, 2014. Exhs. 78, 79. The state district court denied the petition on November 20, 2014, the Nevada Supreme Court affirmed the denial on February 10, 2016, and remittitur issued on March 18, 2016. Exhs. 84, 91, 92.

On April 27, 2016, this court granted Lewis' motion to reopen his federal habeas proceedings (ECF No. 82). Respondents moved to dismiss several grounds as unexhausted and/or procedurally barred (ECF No. 86). Lewis opposed (ECF No. 89). In their reply, respondents argued that ground 4(b) is procedurally defaulted and withdrew all other arguments (ECF No. 92).

**II.     Procedural Default**

Generally, "a state prisoner's failure to comply with the state's procedural requirements in presenting his claims bar him or her from obtaining a writ of habeas corpus in federal court under the adequate and independent state ground doctrine."

3

*Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir.2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.2003).

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir.1996).

### III.    Instant Petition

Respondents argue that ground 4(b) is procedurally defaulted. In ground 4(b), Lewis claims that his trial counsel was ineffective in violation of his Sixth Amendment rights when counsel failed to interview the alleged victims prior to trial (ECF No. 43, pp. 19-20).

The state district court denied this claim in Lewis' third state postconviction petition as time-barred and successive and found that Lewis had not shown good cause or prejudice to excuse the procedural bars. Exh. 84. The Nevada Supreme Court affirmed

4

the denial, agreeing that Lewis failed to demonstrate good cause or actual prejudice. Exh. 91.

Under Nevada law, the state district court shall dismiss a state postconviction petition filed more than one year after the judgment of conviction and shall dismiss any postconviction claim that could have been raised in a direct appeal or a prior postconviction petition. NRS 34,726(1); 34.810. The Nevada Supreme Court explicitly relied on these procedural bars when it concluded that Lewis' third state postconviction petition was untimely and successive. Exh. 91. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman*, 501 U.S. at, 753; *Carrier*, 477 U.S. at 488. The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir.1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.1984).

The Supreme Court has established an equitable rule that no counsel or counsel who was ineffective for failing to raise a claim of ineffective assistance of trial counsel in the state court initial-review collateral proceedings may serve as cause to overcome the state procedural bar. *Martinez v. Ryan*, 132 S.Ct. 1309,1315, 1318-20 (2012). The Court in *Trevino v. Thaler*,133 S.Ct. 1911 (2013), further summarized what *Martinez*

5

required in order to establish whether a federal court may excuse a state court procedural default.

"Cause" to excuse the default may be found:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino*, 133 S.Ct. at 1918, quoting *Martinez*, 132 S.Ct. at 1318-19, 1320-21.

Next, to allow application of the *Martinez* rule, a reviewing court must determine (1) whether the petitioner's attorney in the first collateral proceeding, if counsel was appointed, was ineffective under *Strickland v. Washington*, 466 U.S. 668 687, 104 S.Ct. 2052 (1984), (2) whether the petitioner's claim of ineffective assistance of trial counsel is "substantial," and (3) whether there is prejudice. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir.2012), citing *Martinez*, 132 S.Ct. at 1321. Thus, according to the process outlined by the Ninth Circuit, in order to overcome the procedural bar to an ineffective assistance of trial counsel claim using *Martinez*, petitioner

> must show that trial counsel was ... ineffective, and that PCR [post conviction review] counsel's failure to raise trial counsel's ineffectiveness in the PCR proceeding fell below an objective standard of reasonableness. If trial counsel was not ineffective, then [the petitioner] would not be able to show that PCR counsel's failure to raise claims of ineffective assistance of trial counsel was such a serious error that PCR counsel "was not functioning as the 'counsel' guaranteed" by the Sixth Amendment.

*Sexton*, 679 F.3d at 1159 (quoting *Strickland*, 466 U.S. at 687). Where no counsel was appointed on postconviction review, cause is assumed and petitioner must demonstrate that his underlying ineffective assistance of trial counsel claim is substantial. *Martinez*, 132 S.Ct. at 1318–19.

Applying this framework, petitioner argues that the procedural default of ground 4(b) – the claim that trial counsel failed to interview or investigate the alleged victims -- may

6

be saved by *Martinez* (ECF No. 64, pp. 23-25). The state district court declined to appoint state postconviction petition counsel for Lewis, thus he can establish cause under *Martinez*.

Next, to determine whether petitioner suffered prejudice because his state postconviction counsel did not raise federal ground 4(b), the question must be answered: is the procedurally defaulted claim "substantial?" *Martinez*, 132 S.Ct. at 1321. The Court in *Martinez* cited to *Miller-el v. Cockrell*, 537 U.S. 322 (2003) for its standard requiring the petitioner to make a substantial showing of the denial of a constitutional right, suggesting that this standard is appropriate in deciding if a claim would satisfy the prejudice prong for overcoming a procedural default. *Id*. at 1319. Under *Miller-el*, a petitioner need not show that he will prevail on the merits. *Miller-el*, 537 U.S. at 337, citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (a showing that "a court could resolve the issue [differently] or that the questions are adequate to deserve encouragement to proceed further" is sufficient to meet the substantial showing required for appellate review); *see also Slack v. McDaniel*, ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.") 529 U.S. 473, 484 (2000).

Thus, this court must determine if petitioner has made a substantial showing of the denial of a constitutional right in his postconviction proceedings on the allegation that trial counsel was ineffective for failing to investigate or interview the alleged victims. The court concludes that the issue as to whether cause and prejudice exists to excuse the procedural bar of ground 4(b) is intertwined with the resolution of the merits of the claim to the extent that it best serves judicial economy to defer this court's cause and prejudice determination at this time. Accordingly, respondents' motion to dismiss is denied without prejudice as to ground 4(b). The parties may renew their arguments in the conjunction with their briefing of the petition on the merits.

7

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss ground 4(b) of the fourth-amended petition (ECF No. 86) is **DENIED** without prejudice as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to respond to the motion to dismiss (ECF No. 88) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to reply in support of the motion to dismiss (ECF No. 91) is **GRANTED** *nunc pro tunc.*

DATED: 15 June 2017.

_____
GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT